# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH


## NO. 2-05-477-CR

THE STATE OF TEXAS                                                    APPELLANT

V.

ROBERT LEAHY POWELL                                                   APPELLEE

------------

FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1] ON REMAND

------------

The State appealed from the trial court's grant of Appellee Robert Leahy Powell's motion to suppress. In four points, the State argued that the trial court erred by granting the motion because (1) the detective's affidavit set forth sufficient circumstances from which the magistrate could find probable cause to issue the search warrant; (2) the trial court failed to give great deference to the magistrate's determination of probable cause; (3) the police officers did not exceed the scope of the search warrant; and (4) the police officers were not required to obtain an

---

[1] ... *See* Tex. R. App. P. 47.4.

additional search warrant before opening the two safes that they seized from the premises to be searched, took with them to the police station, and opened the following day.

On original submission, this court held that the police officers exceeded the scope of the search warrant authorizing the seizure of a single, undescribed safe by instead seizing two safes, one of which was not authorized by the  warrant.[2] This court concluded that because of the vagueness of the description of the safes in the warrant, making it impossible to tell which safe was not authorized by the warrant, and also because the record was silent regarding where the police found one of the safes, the State failed to show that the safe containing methamphetamine was properly seized on property described by the warrant rather than on property not described by the warrant.[3] The trial court stated that its determination was based on credibility as well as on the law.  We therefore deferred to the trial court's determination of credibility and of the facts and held that the trial court did not err by granting Powell's motion to suppress, overruling the State's third and fourth points.[4]

On the State's petition for discretionary review, the Texas Court of Criminal Appeals stated in *Powell II*,

---

[2] *... State v. Powell*, 268 S.W.3d 626, 630–32 (Tex. App.—Fort Worth 2008) (*Powell I*), *rev'd*, 306 S.W.3d 761 (Tex. Crim. App. 2010) (*Powell II*).

[3] *... Id.*

[4] *... Id.* at 630–34.

[W]e do not agree with the court of appeals' decision and the State's concession that the safe that Lowery bought at a Home Depot with a forged check was not particularly described in the warrant as property to be seized. . . . The safe that Lowery bought at a Home Depot with a forged check was "property described in the affidavit." The police, therefore, could have seized the two safes they found in the home because they could have reasonably believed that one of the safes was the one that Lowery bought at a Home Depot with a forged check and that Lowery said was in the home. This decision on this question of law as to what items the search warrant authorized to be seized does not have the effect of converting the search in this case into a general search and it does not have the effect of authorizing the seizure of one thing under a warrant describing another.[5]

The Texas Court of Criminal Appeals also held,

the methamphetamine was not obtained because the police may have unlawfully seized the safes but "because of a subsequent search pursuant to a lawful warrant." We, therefore, decide that the "massive" remedy of exclusion of the methamphetamine is not required in this case. We believe that . . . any remedy that appellee might have is . . . a civil suit for damages for his alleged unlawfully seized safes.[6]

The Texas Court of Criminal Appeals has remanded this cause to this court for further proceedings not inconsistent with its opinion.[7] The only remaining points are whether (1) the detective's affidavit set forth sufficient circumstances from which the magistrate could find probable cause to issue the search warrant and (2) the trial court failed to give great deference to the magistrate's determination of probable cause regard the validity of the warrant. Because the Texas Court of Criminal Appeals has already held that "the methamphetamine was . . . obtained . . . pursuant

---

[5] *Powell II*, 306 S.W.3d at 768–69 (citations omitted).

[6] *Id.* at 771 (citation omitted).

[7] *Id.*

3

to a *lawful* warrant,"[8] we are bound to hold that the affidavit supporting the warrant was necessarily sufficient and, likewise, that the trial court erred by not showing great deference to the magistrate's determination that probable cause supported the warrant.  Accordingly, we must sustain the State's remaining points.

Because the Texas Court of Criminal Appeals sustained the State's third and fourth points, expressly holding the warrant lawful, and this court, in turn, necessarily sustained the State's remaining two points, we reverse the trial court's order granting Powell's motion to suppress and remand this case to the trial court for further proceedings.

                                      LEE ANN DAUPHINOT
                                      JUSTICE

PANEL:  DAUPHINOT, WALKER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  August 19, 2010

---

[8] *Id.* (emphasis added; internal quotations omitted).

4